UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARK MILLER, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DURHAM GROUP, LTD., et al.,<br><br>Defendants. | Case No. 19-cv-04185-WHO<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 53 |

Plaintiffs (collectively, "Park Miller") move for default judgment against defendants Durham Group, Ltd. ("DGL") and Durham Commercial Capital Corp. ("DCC") (collectively, "the defendants") and seek discovery related to damages that they contend is needed to effectuate judgment. I find that Park Miller has satisfied the standard for granting default judgment, and its Motion is GRANTED. However, Park Miller has not adequately provided the specific discovery needed to effectuate judgment, as I previously instructed it to do. In addition, Park Miller has not provided the required support for the damages it requests. Accordingly, Park Miller's request for damages is DENIED without prejudice. Park Miller's request for discovery is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Park Miller filed this action on July 19, 2019 and filed an amended complaint on October 16, 2019. Dkt. Nos. 1, 19. Defendants moved to dismiss on September 25, 2019, which I granted on December 16, 2019. Dkt. Nos. 13, 24. After Park Miller filed another amended complaint, defendants again moved to dismiss, which I granted in part and denied in part. Dkt. Nos. 29, 33, 46.

Park Miller filed a Motion for Default Judgment on July 27, 2020. Dkt. No. 53 ("Mot."). The Clerk entered default against the remaining defendants, DCC and DGL, on May 28, 2020.

Dkt. No. 51.  On July 21, 2020, DCC and DGL's attorney moved to withdraw.  Dkt. No. 52.  Following a case management conference on August 18, 2020, I granted the motion to withdraw and provided Park Miller with guidance on its pending motion for default judgment.  *See* Dkt. No. 60.  I heard Park Miller's motion for default judgment on September 16, 2020, and again provided counsel further guidance regarding its discovery request.  Dkt. No. 63.  Park Miller filed a supplemental brief regarding its Motion for Default Judgment on September 30, 2020.  Dkt. No. 64-1 ("Supp. Mot.").[1]

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a district court may enter a final judgment in a case following a defendant's default.  Whether to enter a judgment lies within the court's discretion.  *Bd. of Trustees of Laborers Health & Welfare Tr. Fund for N. California v. Cazadores Constr., Inc.*, No. 17-cv-05242-WHO, 2018 WL 986020, at *2 (N.D. Cal. Feb. 20, 2018).  In order to exercise this discretion, the court must first confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy of service on the defendant.  *Id.*  Once these elements are satisfied, the court turns to the following factors (the "*Eitel* factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts [,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

**DISCUSSION**

**I.   MOTION FOR DEFAULT JUDGMENT**

**A.   Procedural Requirements**

Park Miller properly served the defendants with the complaint and summons, and the defendants subsequently appeared in this case.  *See* Dkt. No. 10.  Park Miller asserts that I have diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Dkt. No. 29 ¶ 22.  Defendants

---

[1] I find that this motion is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and VACATE the hearing set for October 14, 2020.

filed multiple motions to dismiss, challenging personal jurisdiction and the substance of the complaint. Dkt. Nos. 13, 33. I granted the motions as to personal jurisdiction for some of the defendants. Dkt. No. 46. Defendants DGL and DCC did not object to personal or subject-matter jurisdiction. *See* Dkt. No. 33 at 16. Based on these facts, I find that Park Miller has satisfied the procedural requirements for default judgment.

### B. *Eitel* Factors

Park Miller asserts that it will be prejudiced if its Motion is not granted, because it will otherwise have no remedy. I agree, and find that this factor weighs in favor of granting its Motion.

As discussed above, defendants challenged the complaint multiple times. I found that the "LCCM" plaintiffs adequately stated a claim for promissory fraud, that all plaintiffs had adequately stated a claim for negligence and negligent misrepresentation, and that Park Miller had stated a claim for interference. Accordingly, as to the remaining claims, the sufficiency of the complaint weighs in favor of granting Park Miller's Motion. For the same reasons, the merits of Park Miller's substantive claims also weighs in favor of granting its Motion.

As discussed further below, the amount at stake is substantial, and this factor also weighs in favor of granting Park Miller's motion. With regard to a possible dispute of material facts, the defendants' prior motions to dismiss did not raise any dispute, and their failure to further appear after my Order on their motion suggests that a dispute of material facts is unlikely. Accordingly, this factor weighs in favor of granting Park Miller's Motion.

Next, the defendants' default was not due to excusable neglect. Defendants appeared in this case and challenged the complaint. According to their attorney, they then indicated that they would not further respond to this lawsuit. Dkt. No. 52 at 5. Because the defendants declined to further appear in this matter, a decision on the merits is not possible, and the policy favoring decision on the merits does not weigh against default.

Taken together, the *Eitel* factors weigh in favor of granting Park Miller's Motion.

## II. DAMAGES REQUESTED

In its supplemental motion, Park Miller provides further information regarding three

categories of damages sought.

## A. Contract Damages

Park Miller calculates the damages resulting from breach of each of the promissory notes, including interest after default. *See* Supp. Mot. 4-6. Based on these assumptions, Park Miller correctly calculated that the total unpaid principals on the loans amount to $4,200,000. Based upon its statements regarding default, Park Miller calculated the interest rates on the loans from default until October 1, 2020, $1,521,666.67.[2] Together, the contract damages equal $5,721,666,67.

Park Miller provided the underlying notes and a declaration of John Miller, a Principal at Park Miller. Dkt. No. 64-3. These documents support Park Miller's assertions as to the amount of principal for each note and the interest rates. *See id.* However, Park Miller provides no evidentiary support for its assertions that (i) none of the sums loaned had been repaid as of the default, (ii) the defendants defaulted on all of the notes on December 1, 2018, and (iii) as of the default, the principal on every note had been transferred to the "Operating Account," which triggered a higher interest rate. Park Miller must provide a declaration certifying that this information is true.

## B. Tort Damages

Park Miller also asserts that it suffered damages as a result of the defendants' intentional interference with contractual relations and negligent interference with prospective economic relations. Supp. Mot. 7. It asserts that it lost eight clients due to these wrongful actions, resulting in $1,065,407.49 in damages. *Id.* at 8. It also lost $60,675.00 as a result of refunding fees to its clients associated with the defendants' investment accounts. *Id.* In addition, it faces threatened lawsuits from former clients as a result of the defendants' actions in the amount of $5,350,000.00. *Id.*

In support of these statements, Park Miller again relies upon Miller's declaration. He states that "[t]he lost revenue Park Miller has suffered due to this loss [of eight clients] totals

---

[2] Park Miller's individual calculations are correct; however, the total of these sums equals $1,521,666.67 and not $1,851,666.67.

$1,065,407.49." Dkt. No. 64-3 ¶ 15.  This sum is a result of lost revenue of $126,819.48 per year for 8.59 years, along with the federal mid-term discount rate of .58%.  *Id.*  Miller also affirms that Plaintiffs lost $60,675.00 in lost or refunded fees to clients.  *Id.* ¶ 16.

Finally, Miller asserts that Park Miller had contracts with six clients that invested $5,350,000 in "similar promissory notes" to the contracts at issue here.  *Id.* ¶ 10.  He states that "[t]hese clients either are or are threatening to seek recovery from Park Miller for their losses, for which Park Miller is entitled to indemnity."  *Id.* ¶ 17.

"The moving party has the burden to 'prove up' the amount of damages" requested in a default judgment.  *Frazier v. Am. Credit Resolution, Inc.*, No. 18-CV-07729-TSH, 2019 WL 5310718, at *8 (N.D. Cal. Oct. 21, 2019); *see also Cent. California IBEW/NECA Pension Tr. v. Ozzimo Elec., Inc.*, No. C 13-03800 JSW, 2015 WL 1883906, at *2 (N.D. Cal. Apr. 22, 2015) ("To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit.").  Park Miller's short assertions as to its tort damages do not satisfy this burden.  In order to justify an award of such damages, Park Miller must provide evidentiary support for its statements that it lost clients, refunded fees to existing clients, and faces lawsuits from clients stemming from the defendants' wrongful conduct.  General assertions of total damages will not suffice; Park Miller must explain how each amount was calculated, provide evidentiary support for its losses, and provide support for its contention that these losses resulted from the defendants' conduct as alleged in the complaint.  In addition, Park Miller must provide further information regarding the lawsuits that it faces and why damages resulting from such lawsuits would not run afoul of the election of remedies doctrine.

### C. Attorneys' Fees and Costs

Finally, Park Miller asserts that it has incurred $131,937.50 in attorneys' fees and $4,577.80 in costs in this action.  Supp. Mot. 8.  In support of these assertions, it provides a declaration of its attorney, Alexandra Tomp.  Dkt. No. 64-2.  Tomp asserts only that "Plaintiffs have incurred $ 131,937.50 of attorney's fees to date and have paid $4,577.80 in court costs to date," but provides no further break-down of these fees and costs.  *Id.* ¶ 11.  In order to recover these fees, Park Miller must provide a legal basis for the attorneys' fees and costs, as well as

detailed information regarding this request, including what costs were incurred, attorney billing rates, and the hours worked on particular tasks for this matter. *Mountz, Inc. v. Ne. Indus. Bolting & Torque*, LLC, No. 15-CV-04538-JD (MEJ), 2017 WL 780585, at *3 (N.D. Cal. Jan. 27, 2017), *report and recommendation adopted*, No. 3:15-CV-04538-JD, 2017 WL 766598 (N.D. Cal. Feb. 28, 2017) ("To allow the undersigned to assess whether the number of hours billed is reasonable, Plaintiff must submit detailed records justifying the hours that have been expended"); *Operating Engineers' Health & Welfare Tr. Fund for N. California v. Breneman, Inc.*, No. 17-CV-05172-EDL, 2018 WL 5099250, at *8 (N.D. Cal. Aug. 15, 2018), *report and recommendation adopted*, No. C 17-CV-05172 WHA, 2018 WL 6822624 (N.D. Cal. Oct. 9, 2018) ("The party requesting fees must provide detailed time records documenting the tasks completed and the time spent").

### III.    REQUEST FOR DISCOVERY

In my August 18 Order, I stated that "I am particularly interested in knowing exactly what discovery plaintiffs believe is necessary prior to presenting the court with a specific form of judgment that is supported by sufficient evidence." Dkt. No. 60 at 2. Park Miller requests discovery related to punitive damages, as well as to DGL and DCC's assertions that they are insolvent. Mot. 3. After I instructed Park Miller to provide further detailed discovery requests, it did so in its supplemental brief. *See* Dkt. No. 64-1. However, the requested discovery is far from narrowly tailored. It includes 50 interrogatories and 71 requests for production of documents, which request broad information such as the identity of all of the defendants' employees for the past ten years, all financial records for the past ten years, and all documents related to communications that the defendants had with any person affiliated with 1-800 SOLAR. *See id.* Park Miller also seeks to subpoena Craig McGrain and includes 47 document requests. *Id.*

Park Miller's discovery requests are overbroad and its request for discovery is DENIED IN PART. The cases that it cites reflect narrowly-tailored discovery requests that differ from the requests here. *See Oakley, Inc. v. Moda Collection, LLC*, No. SACV16160JLSJCGX, 2016 WL 7495835, at *7 (C.D. Cal. June 9, 2016) (granting plaintiff discovery into profits made as a result of infringing products); *Sugarfina, Inc. v. Sweitzer LLC*, No. 217CV07950ODWJCX, 2018 WL 6265074, at *10 (C.D. Cal. Mar. 8, 2018) (same); *Tech. LED Intellectual Prop., LLC v. Revogi,*

*LLC*, No. 18-CV-03827-JSC, 2019 WL 2716610, at *6 (N.D. Cal. June 27, 2019) (permitting limited discovery regarding sales information and denying request for enhanced damages).

When Park Miller responds to this Order, it should resubmit proposed *limited* discovery in support of the specific form of judgment it seeks.  I am inclined to allow Park Miller's request to subpoena Craig McGrain for deposition with no more than five document requests that are *narrowly* tailored to the defendants' financial state and/or its request for punitive damages, and to propound up to five interrogatories and five document requests to DGL and DCC, similarly narrowly tailored.  If Park Miller asserts that more discovery than that is required, it must explain why and limit it substantially from what was attached to the subject motion.

## CONCLUSION

For the above reasons, Park Miller's Motion for Default Judgment is GRANTED.  However, in order to obtain a judgment in the amount sought, Park Miller must provide further information, as described above, to support its request for damages and attorneys' fees.  Park Miller's request for discovery is GRANTED IN PART.  Park Miller may request discovery consistent with the views expressed in the penultimate paragraph of this Order.

**IT IS SO ORDERED.**

Dated: October 13, 2020



William H. Orrick
United States District Judge